30099. MONCRIEF FURNACE COMPANY *v.* LOVELESS.

DECIDED DECEMBER 4, 1943. REHEARING DENIED DECEMBER 17, 1943.

*Augustine Sams,* for plaintiff in error.

*John M. Slaton, James J. Slaton,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) The petition in all its counts sets out one cause of action, in that it sets out the breach of one contract; but the counts differ in so far as they relate to the measure of damages for the breach. There can be a recovery on only one count. Each count alleges a measure of damage which is less than $1000, and is within the jurisdictional limit of the civil court of Fulton County, which is $2500. The petition is not subject to demurrer on the ground that the suit is for an amount beyond the jurisdiction of that court.

The contract as it appears in each count was that the defendant installed for the plaintiff in her house a coal-burning furnace for

heating the house, for which the plaintiff paid the defendant, and that the defendant breached the contract, in that the furnace which it installed would not operate satisfactorily, in that the smoke did not draw through the chimney, but was emitted throughout the house, to the plaintiff's damage in an amount alleged in each count. The petition in each count sets out a cause of action for the breach of the contract, and is good against general demurrer. Whether or not the true measure of damage is set out is immaterial. The correctness of the measure of damage can be reached only by special demurrer.

There is no merit in the special grounds of the demurrer that the petition does not allege more specifically the terms of the contract, the character of the furnace, etc. As alleged in the petition, the defendant was to install a coal-burning furnace for a certain consideration. The description of the furnace installed as being a coal-burning furnace is sufficient. There is no merit in the special demurrer to the effect that the allegations of the various counts of the petition as to damage to the walls of the plaintiff's house, and to rugs, etc., do not sufficiently show what walls, rugs, etc., were damaged. The allegation that the walls of the plaintiff's house and the rugs and blinds therein were damaged by the smoke from the furnace is sufficient. No count of the petition is subject to the demurrer that it is duplicitous and seeks a recovery ex contractu and ex delicto. The allegation as to the damage to the plaintiff's walls, rugs, etc., is damage arising ex contractu, and the other damage alleged by the plaintiff arises ex contractu. There is no merit in any of the grounds of the demurrer that the petition pleads evidence.

Count one states an incorrect measure of damages for the reason that the alleged cost of installing a coal-burning furnace in accordance with the contract is $475. As alleged, this amount includes the cost of another furnace, and does not refer to the mere installation, for the reason that credit is allowed the defendant for $25 for the furnace already installed. It is not alleged that the furnace installed is inherently defective. The only thing wrong is the installation. Under the first count the measure of damage is the cost of installing the furnace.

Count two does not state the true measure of damages.

Count three alleges a true measure of damages if a coal furnace

can not be reasonably installed in the house. This count alleges the damage to be $175, the value of the gas furnace surrendered, plus $126, less $25, the value of the coal furnace. Count three alleges a true measure of damages as far as it goes, to wit, the cost expended or surrendered by the plaintiff. The plaintiff would also be entitled to the reasonable cost of installing another gas furnace in the house. She does not pray for such damage, but this fact would not render her prayer, so far as it goes, subject to the demurrer.

Count four does not allege the true measure of damages, the value of the house with furnace properly installed and the value as it is now.

Count five does not state the true measure of damages, because the measure there is in terms of a rescission of the contract, and there are no facts alleged authorizing rescission, and the court can not force the defendant to take back the coal furnace.

Each count sets out a cause of action, and the petition is not subject to the objection that it seeks a recovery beyond the jurisdiction of the civil court of Fulton County. The court therefore properly overruled the general demurrer to the petition, but erred in overruling the special demurrers to those parts of counts 1, 2, 4, and 5, which went to the measure of damages. These defects can be cured by amendment.

*Judgment reversed. Sutton and Felton, JJ., concur.*